62 F.3d 1419
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis ADAMS, Petitioner-Appellant,
v.
Richard GRAMLEY, Respondent-Appellee.
 No. 93-1836.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 26, 1995.*
Decided Aug. 2, 1995.
 
 Before BAUER, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 On the basis of an eyewitness identification, Dennis Adams was convicted of armed robbery and attempted murder. He challenged the identification at trial, observing that he is six feet tall, while the witness (the victim of the crime) initially told the police that his assailant was about 5 and a half feet tall. The victim testified at trial that the discrepancy occurred because he studied and remembered the robber's face rather than his stature. His identification at trial was positive, and there were many corroborating details. The victim described Adams's car accurately and gave its license plate with a transposition of digits (the witness told the police that the robber had plate DX 3619; Adams drove a car with plate DX 3916).
 
 
 2
 The jury believed the witness, and the state's court of appeals held the evidence sufficient. People v. Adams, No. 3-87-0660 (Ill.App.3d Dist. Apr. 28, 1988). Now Adams seeks relief under 28 U.S.C. Sec. 2254, but our only question is whether any reasonable juror could have believed the victim-witness. Jackson v. Virginia, 443 U.S. 307 (1979). The answer is yes. Many a conviction is based on the testimony of a single witness. E.g., United States ex rel. Wandick v. Chrans, 869 F.2d 1084, 1089 (7th Cir.1989). Were it otherwise, crime would be all too easy. The most that can be said is that the victim gave inconsistent descriptions of his assailant. Someone had to decide which description to accept. In our system of criminal justice, that someone is the jury.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record